**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10139 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:16-cr-00478-JGZ-LAB-21 |
| JORGE ACOSTA-LICERIO, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 6, 2019**
Phoenix, Arizona

Before:  CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Jorge Acosta-Licerio appeals his convictions for two counts of smuggling

goods from the United States in violation of 18 U.S.C. § 554(a), one count of

engaging in the business of dealing firearms without a license in violation of 18

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 924(a)(1)(A), and one count of conspiracy to smuggle goods from the United States in violation of 18 U.S.C. §§ 371, 554(a). We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in denying Acosta-Licerio's motion to suppress his statements in response to questioning by law enforcement. An examination of the "totality of the circumstances" surrounding the questioning, *United States v. Craighead*, 539 F.3d 1073, 1082–84 (9th Cir. 2008), shows that Acosta-Licerio was interviewed in his home and the surrounding area by only two law enforcement agents with no visible weapons, Acosta-Licerio was not restrained by physical force or by threats, and to the extent he was isolated from others, the record indicates that he chose to speak with the agents alone. Taken together, these and other relevant factors establish that the interview did not constitute a custodial interrogation, *see id.*, and therefore *Miranda* warnings were not required. *See Stanley v. Schriro*, 598 F.3d 612, 618 (9th Cir. 2010).

Acosta-Licerio has pointed to no evidence suggesting that his "will was overborne" when he made his statements to law enforcement. *United States v. Miller*, 984 F.2d 1028, 1030–31 (9th Cir. 1993). Rather, the record establishes that Acosta-Licerio freely volunteered information to the agents. Accordingly, the

2

district court did not err by concluding that Acosta-Licerio's statements were voluntary.

The district court did not abuse its discretion by giving a deliberate ignorance jury instruction. There was evidence in the record that Acosta-Licerio believed that the weapons he sold were highly likely to be exported from the United States and that he deliberately avoided learning the truth, *see United States v. Heredia*, 483 F.3d 913, 918–19 (9th Cir. 2007) (en banc), including Acosta-Licerio's recorded statements that he was "pretty sure" the weapons were destined for Mexico and that he had never "taken any trips" to "check things out." We reject Acosta-Licerio's argument that the deliberate ignorance instruction is constitutionally infirm. *See id.* at 918.

The district court did not err by refusing to give a buyer–seller relationship instruction, because the conspiracy jury instruction "fully convey[ed] the distinction between a buyer–seller relationship and a co-conspirator relationship," and thus a buyer–seller instruction was not required. *United States v. Moe*, 781 F.3d 1120, 1128 (9th Cir. 2015).

Because willful or intentional conduct is not an element of the offense of exporting or sending or attempting to export or send specified items from the United States in violation of 18 U.S.C. § 554(a), *see United States v. Rivero*, 889

3

F.3d 618, 621–23 (9th Cir. 2018), the district court did not err in omitting those elements from the jury instruction or in refusing to give a separate instruction regarding attempt.

Viewing the evidence in the light most favorable to the prosecution, the evidence was adequate to allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt, *see Moe*, 781 F.3d at 1124, including the requisite intent and the existence of a conspiracy to send or export specified items out of the United States.  Contrary to Acosta-Licerio's arguments, the government was not required to show that Acosta-Licerio was involved with more than one other co-conspirator, *see United States v. Kearney*, 560 F.2d 1358, 1362–63 (9th Cir. 1977), and a reasonable jury could conclude that Acosta-Licerio had conspired with Juan and other unnamed co-conspirators.

**AFFIRMED.**